UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 01-10729-RWZ

HANCOCK MUTUAL LIFE INSURANCE COMPANY, et al.

v.

GOLDMAN SACHS & CO., et al.

MEMORANDUM OF DECISION

August 26, 2002

ZOBEL, D.J.

Plaintiffs purchased securities pursuant to, or traceable to, two public offerings by Owens Corning on April 30, 1998, and July 22, 1998. They claim that the registration statements filed in connection with these offerings contained false and/or misleading statements of material fact, in violation of 15 U.S.C.S. § 77k(a), § 77l(a)(2) and § 77o (Sections 11, 12(a)(2), and 15 of the Securities Act of 1933). Defendants, underwriters of the offered securities and present and former directors and officers of Owens Corning, have moved for dismissal on the grounds that plaintiffs have failed to show a material misstatement in the registration statements. Reading the complaint in the light most favorable to the plaintiffs, several questions of fact remain which render dismissal inappropriate. These include, but are not limited to:

- whether defendants' statement that the securities would "rank equally with other unsecured and unsubordinated obligations of the Company," was false or misleading when read in context with the rest of the information provided in the registration statement;

- whether the defendants' disclosures about intercompany licensing agreements and guarantees on other debt by Owens Corning subsidiaries were false or misleading with respect to the subordination rights of securities purchasers;

- whether the registration statements provided plaintiffs with sufficient information to fully understand their rights relevant to other unsecured creditors.

Defendants further move for dismissal on the grounds that the plaintiffs' claims are time-barred.  This argument, too, fails:  defendants have identified no warning signs which should have caused plaintiffs to investigate and discover the alleged fraud at any time before Owens Corning entered into bankruptcy proceedings and subsequently disclosed the intercompany licensing agreements and bank debt guarantees.

Accordingly, the motions to dismiss are DENIED.

August 26, 2002
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
      DATE

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

2